IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-110-FL

| | | |
|---|---|---|
| TIMOTHY BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NYS GOVERNMENT, NYS | ) | |
| LEGISLATURE, and STATE OF NEW | ) | |
| YORK, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of plaintiff's pro se complaint, (DE 1, 5, 9),[1] pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr. entered order and memorandum and recommendations ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint. Plaintiff objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the magistrate judge's M&R and dismisses plaintiff's complaint.

## BACKGROUND

Plaintiff commenced this action August 2, 2024, by moving for leave to proceed in forma pauperis, and he filed amended complaint August 5, 2024. Plaintiff asserts that the State of New York, its government, and legislature violated plaintiff's Fourteenth Amendment rights when, after plaintiff refused to submit to an alcohol test, the state placed a "conviction on [p]laintiff's record,"

---

[1] The court construes all three filings as plaintiff's operative complaint, as the M&R does with respect to the filings theretofore made. (See M&R (DE 7) at 3).

(2d Am. Compl. (DE 9) ¶ 4) required plaintiff to have an "ignition interlock device" installed on his vehicle, (id.), and refused to return his driver's license. (Id. ¶¶ 5-6). He seeks $1,100,000.00 in damages. (Id. ¶ 8). In the instant order and M&R, the magistrate judge allowed plaintiff to proceed in forma pauperis and, on frivolity review, recommended that plaintiff's claims be dismissed where it is barred by Eleventh Amendment immunity and "where plaintiff has not alleged any facts from which the court could find that sovereign immunity has been waived or abrogated in this case." (M&R (DE 7) at 4). In his objections, plaintiff raises defendants' failure to file answer and arguments under Fitzpatrick v. Bitzer, 427 U.S. 445 (1976) and Chisholm v. Georgia, 2 U.S. 419 (1793).

## DISCUSSION

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

2

B.   Analysis

The magistrate judge recommends dismissal of plaintiff's claims on the grounds that plaintiff seeks monetary relief from defendants who are immune from such relief under the Eleventh Amendment.  Where plaintiff's objection engages with the reasoning of the magistrate judge and cites relevant case law, the court reviews the M&R de novo.

The Eleventh Amendment to the United States Constitution "provides that the 'Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States' by citizens of another State, and (as interpreted) by its own citizens."  Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 618 (2002) (quoting U.S. Const. amend. XI); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference to actions 'against one of the United States' [in the Eleventh Amendment] encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").  A state "may directly and affirmatively waive its Eleventh Amendment immunity in a state statute or constitutional provision, as long as the provision explicitly specifies the state's intention to subject itself to suit in federal court."  Litman v. George Mason Univ., 186 F.3d 544, 550 (4th Cir. 1999) (emphasis added) (quotation omitted).  Yet, "a court may not find a waiver absent an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment."  Id. (emphasis added).

While plaintiff correctly points out that Congress may "provide for private suits against [s]tates or state officials which are impermissible in other contexts" in order to enforce the Fourteenth Amendment, Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976), those seeking recovery against states still must offer "the threshold fact of congressional authorization." Id. at 452.  That

has not been done here, where plaintiff seeks to rely on the Fourteenth Amendment standing alone, and has not offered any statute under which he argues Congress has abrogated New York's sovereign immunity. In addition, where Chisholm v. Georgia 2 U.S. 419 (1793), pre-dated and was overruled by the Eleventh Amendment, that case does not control here. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 97 (1984).

Finally, the court "shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) (emphasis added). It therefore is of no consequence that defendants have not answered the complaint, which also has not been served. See Fed. R. Civ. Pro. 4(c).

Upon careful review of the M&R and the record in this case, the court finds the magistrate judge's analysis to be thorough, and there is no error. For the reasons explained by the magistrate judge, defendants are immune from liability for the conduct alleged.

## CONCLUSION

Based on the foregoing, and upon de novo review of the M&R and the record in this case, the court ADOPTS the recommendation of the magistrate judge. Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge